**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IRIS LINARES RAMOS; ROSSELYN
SOLORZANO LINARES,

               Petitioners,

   v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 23-119

Agency Nos.
A215-703-919
A215-703-920

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2024[**]
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

      Iris Linares Ramos and her minor daughter petition for review of an order of

the Board of Immigration Appeals ("BIA") affirming a decision by an Immigration

Judge ("IJ") denying their applications for asylum, withholding of removal, and

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions.

Where the BIA agrees with the IJ's findings while adding its own reasoning, we review the decisions of the BIA and the IJ to the extent that the BIA agreed with the IJ's conclusions. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). "We review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence.'" *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)).

1. The BIA found that Linares Ramos waived any challenges to the IJ's dispositive determination that she had not established unwillingness or inability on the part of Salvadoran authorities to protect her or her family. Linares Ramos does not contest the BIA's finding of waiver before our court. We therefore decline to

---

[1] Linares Ramos and her minor daughter filed separate petitions based on the same underlying factual contentions in Linares Ramos's application. Linares Ramos's daughter is also a derivative beneficiary of Linares Ramos's asylum application. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or relief under CAT).

review Linares Ramos's claims for asylum and withholding of removal on the merits, and decline to review her daughter's claims for the same reasons. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

2. Even assuming that Linares Ramos has not forfeited her CAT claim, substantial evidence supports the agency's finding that Linares Ramos failed to establish that she is "more likely than not" to face future torture if returned to El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). The record does not compel the conclusion that the past extortion or threats made against Linares Ramos and her family rose to the level of torture. *See* 8 C.F.R. § 1208.18(a)(4); *see also Hussain v. Rosen*, 985 F.3d 634, 647–48 (9th Cir. 2021) ("Unfulfilled threats are very rarely sufficient to rise to the level of persecution."); *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution."). Moreover, Linares Ramos's generalized evidence of violence in El Salvador is not particular to her and is thus insufficient to satisfy her burden for CAT relief.[2] *See Delgado-Ortiz*, 600 F.3d at 1152 (holding that "generalized evidence of violence and crime" is insufficient to meet the standard for CAT relief). Her daughter's claims fail for the same reasons.

---

[2] Although reporting to police is not a prerequisite for CAT relief, the record does not compel the conclusion that reporting would have been futile or that Salvadoran officials would acquiesce or exhibit willful blindness to torture. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058, 1059–60 (9th Cir. 2006).

**DENIED.**